﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190518-5985
DATE: December 31, 2019

ORDER

New and relevant evidence having been submitted, readjudication of the claim for entitlement to service connection for left knee laxity is granted.

New and relevant evidence having been submitted, readjudication of the claim for entitlement to service connection for right knee laxity is granted.

REMANDED

Entitlement to service connection for left knee laxity is remanded.

Entitlement to service connection for right knee laxity is remanded.

FINDINGS OF FACT

1. A March 2010 rating decision denied service connection for both left and right knee laxity. The Veteran was notified of that decision and his appeal rights. He did not appeal the decision.

2. The Veteran has submitted medical treatment records noting complaints of pain in the bilateral knees and a diagnosis of osteoarthritis; and such evidence tends to prove or disprove a matter in issue.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for left knee laxity have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)).

2. The criteria for readjudicating the claim for service connection for right knee laxity have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the U.S. Army on active duty from August 1989 to February 2010. The Veteran timely appealed the March 2019 rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

New and Relevant Evidence for Service Connection for Bilateral Knee Laxity.

The Veteran contends that he has submitted evidence, with his legacy system petition, to readjudicate claims of service connection for left and right knee laxity that is new and relevant. VA will readjudicate a claim if new and relevant evidenced is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R.§ 3.156(d)). 

Under the Appeals Modernization Act (AMA), previously disallowed claims are no longer “reopened,” but are “readjudicated.” In order to readjudicate a claim, new and relevant evidence must be received. Relevant evidence is evidence that “tends to prove or disprove a matter in issue.” VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). As the statutory definition of “relevant” does not require that the evidence relate to an unestablished fact necessary to substantiate the claim or raise a reasonable possibility of substantiating the claim, new and relevant evidence is a lower standard than new and material evidence. 

The question in this case is whether evidence was submitted after the prior final denial of his claim for service connection for a left and right knee laxity in the legacy system, and if so, whether that evidence is new and relevant to the claim.

A March 2010 rating decision denied the Veteran’s claim for service connection for bilateral knee laxity. The Veteran was notified of this decision by a letter dated March 4, 2010. The Veteran did not appeal the decision, thereby making it final.

In April 2010, not long after separation, the Veteran reported experiencing popping in both knees due to his work in service. In July 2017, the Veteran complained to his VA provider of bilateral knee pain. Then, in March 2019 the Veteran reported to his VA treating physician that his left knee feels weak and like “it’s going to give out.” His March 1, 2019 VA treatment records indicate a diagnosis of left knee osteoarthritis. The Board finds the evidence submitted after the final rating decision in the legacy system is new and relevant to the claim. The Veteran’s reports of knee pain and diagnosis of osteoarthritis in the left knee tends to prove or disprove a continuity of symptoms as well as the nexus element of the claim for service connection. Accordingly, this evidence is sufficient to readjudicate the previously-denied claims of service connection for left and right knee laxity. 

REASONS FOR REMAND

Service Connection for Bilateral Knee Disability

The Veteran contends he has a bilateral knee disability and it is related to active service. His service treatment records (STRs) show several complaints regarding his bilateral knees. In September 2009, prior to separation, the Veteran had a generalized VA examination which included review of his lower extremities. The VA examiner diagnosed the Veteran with patellofemoral syndrome of the bilateral knees. In April 2010, he reported to his VA treatment provider that both his knees “pop.” 

The Veteran’s medical treatment records do not show knee complaints again until July 2017. In March 2019, VA treatment records indicate a diagnosis of left knee osteoarthritis. The Veteran reported the pain in his left knee began one year prior. 

The Veteran’s STRs clearly show evidence of knee complaints, however a VA examination is needed to determine whether he suffers from a current chronic disability, and whether that disability is related to in-service knee complaints and/or diagnosis. As such, a remand is necessary to obtain a VA examination to determine the nature and origin of the Veteran’s claimed bilateral knee disabilities. 

The matters are REMANDED for the following action:

1. Schedule a VA examination with the appropriate medical professional to determine the nature and origin of the Veteran’s left and right knee disabilities. The examiner is asked to:

(a) Diagnose any left and/or right knee disabilities.

(b) Determine whether any diagnosed knee disability is at least as likely as not (50 percent or greater probability) related to the Veteran’s in-service knee complaints and/or diagnosis.

The examiner is asked to provide supporting rationale for any opinions or conclusions reached. 

 

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T.N. Shannon

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.